UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00176

**R.J. Reynolds Tobacco Co. et al.,**
*Plaintiffs,*

v.

**United States Food and Drug Administration et al.,**
*Defendants.*

Before BARKER, *District Judge*

### ORDER

On May 6, 2020, the parties filed a joint motion (Doc. 30) for entry of an order postponing a rule's effective date and governing proceedings. That motion is **granted**.

Plaintiffs are cigarette manufacturers challenging the Food and Drug Administration's recent rule on cigarette labeling. *See* 85 Fed. Reg. 15638 (Mar. 18, 2020) ("Tobacco Products; Required Warnings for Cigarette Packages and Advertisements"). The effective date of the rule is June 18, 2021.

Defendants join plaintiffs in asking the court to delay the rule's effective date by 120 days. They invoke the court's authority to postpone a rule's effective date "on such conditions as may be required and to the extent necessary to prevent irreparable injury" pending judicial review. 5 U.S.C. § 705. In conceding that the agreed relief is appropriate, the government thus agrees that plaintiffs would suffer irreparable injury absent a 120-day postponement of the rule's effective date, although the government reserves the right to contest irreparable injury beyond that at issue with the 120-day postponement.

The court agrees with the parties' shared conclusion. The representations in the parties' motion establish irreparable injury absent postponement of the rule's effective date.

Plaintiffs would face imminent compliance costs, which appear likely to be heightened while disruptions from the COVID-19 pandemic exist, and those costs would not be reimbursed by the government if plaintiffs prevail on the merits. Although the statute does not refer to a likelihood of success on the merits or other equitable factors, the court has weighed all factors bearing on a § 705 stay and finds that they favor the requested 120-day postponement.

The court therefore orders that the effective date of the challenged rule is postponed to October 16, 2021. Any obligation to comply with a deadline tied to the effective date of the rule is similarly postponed, and those obligations and deadlines are now tied to the postponed effective date. As defendants agree would be appropriate given this ruling, the FDA is ordered to post notice of this postponement on its public-facing website within fourteen days.

The court also enters the following orders governing case management:

- The requirement of initial disclosures under Rule 26(a)(1) is excused.
- Disclosures under Rule 26(a)(2) and (a)(3) are excused absent further order of the court.
- Discovery is stayed until further order of the court.
- The requirement of a Rule 26(f) conference and joint report is excused absent further order of the court.

This order is a scheduling order under Rule 16(b) but does not include a date by which discovery must be completed because discovery is stayed until further order.

The parties' proposal that their forthcoming motions for summary judgment need not include a statement of undisputed facts is also adopted. The parties are exempted from compliance with that provision of Local Rule CV-56(a) and must comply with all other requirements of the rule.

The following schedule will govern the proceedings absent further order of the court:

| Deadline | Event |
|---|---|
| **May 15, 2020** | Plaintiffs' combined motions for summary judgment and preliminary injunction. The combined motion for all plaintiffs is limited to **65 pages**, exclusive of exhibits and attachments. |
| **May 29, 2020** | Deadline for any amicus briefs in support of plaintiffs. Any amicus brief is limited to **25 pages**, exclusive of exhibits and attachments. |
| **July 2, 2020** | Defendants' combined (1) response in opposition to plaintiffs' motions and (2) cross-motion for summary judgment. The combined document for all defendants is limited to **75 pages**, exclusive of exhibits and attachments. |
| **July 2, 2020** | Deadline for defendants' answer or other responsive pleading. |
| **July 2, 2020** | Deadline for defendants to serve the administrative record on plaintiffs. |
| **July 17, 2020** | Deadline for any amicus briefs in support of defendants. Any amicus brief shall be limited to **25 pages**, exclusive of exhibits and attachments. |
| **August 14, 2020** | Plaintiffs' combined (1) reply in support of their motions and (2) response in opposition to defendants' cross-motion. The combined document is limited to **40 pages**, exclusive of exhibits and attachments. |
| **September 11, 2020** | Defendants' combined reply in support of their cross-motion. The combined reply is |

| | |
|---|---|
| | limited to **30 pages**, exclusive of exhibits and attachments. |
| **September 25, 2020** | Deadline to file a joint appendix containing those portions of the administrative record that are cited or otherwise relied upon in the motion briefing. |
| **As set by the court** | Oral argument |

*So ordered by the court on May 8, 2020.*

J. CAMPBELL BARKER
United States District Judge